**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-23-00398-001-TUC-JAS (MSA) |
| Plaintiff, | **ORDER** |
| v. | |
| Dillyn Anthony Dust, | |
| Defendant. | |

Defendant Dillyn Dust is charged with various firearm and drug offenses. (Doc. 27.) In March 2023, he was released on conditions over the Government's objection. (Doc. 3.) Seeking to reverse that decision, the Government moves to reopen the detention hearing. (Doc. 29.) The motion, which is opposed, will be granted. (Doc. 33.)

A detention hearing may be reopened based on information "that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). The Government identifies four bits of new information. First, after Defendant's release, videos of firearms were posted on what appears to be his social media account. Defendant's conditions of release preclude him from possessing firearms. Second, cellphone location monitoring indicates that Defendant visited his grandmother only four times over the three-week period preceding his arrest. That conflicts with the grandmother's sworn testimony that Defendant stayed at her house four nights per week. Third, and relatedly, the

grandmother admitted during questioning that she "maybe exaggerated a bit" when she told the Court that Defendant lives with her more than half the time. She also expressed concern about committing perjury. Fourth, a search of Defendant's cellphone revealed that he had been selling drugs and firearms prior to his arrest.[1]

The social media posts, the search of the cellphone's location history and contents, and the interview with Defendant's grandmother all occurred after Defendant was released, so that information is new. This new information has a material bearing on whether Defendant should be released. Firearm offenses are particularly serious. Defendant is charged with several of them (including one that carries a presumption of detention), and he is not supposed to possess firearms while on release. His alleged failure to follow that condition supports the conclusion that he is a danger to the public and should be detained. His alleged drug sales also support that conclusion. In addition, Defendant's residency was of concern to the Court before it released him. If his housing status was not as represented at his detention hearing, that raises concerns about his current housing status and whether he is a risk of nonappearance. Accordingly, the Court will reopen the detention hearing.

Defendant argues that the information concerning his alleged drug sales is not new. His argument has some force, but the issue need not be resolved.[2] If the information regarding Defendant's alleged drug sales were set aside, the Court would still reopen the detention hearing based on the social media posts and the information regarding Defendant's housing status. Further, under the detention statute, whether information is "new" matters only as to whether the detention hearing should be reopened; the statute

---

[1] The phone was seized at the time of Defendant's arrest but was not searched until after he was released.

[2] The Government asserts that, at the time of Defendant's arrest, federal agents found guns within a foot of 3.2 pounds of marijuana, 200 grams of codeine, and 117 alprazolam pills. One obvious inference from finding these items together is that Defendant possessed a firearm while engaging in drug sales. Indeed, the magistrate judge who presided over the detention hearing indicated she was aware that Defendant was making money in unlawful ways: "I'm a little familiar with your case because I'm the judge that signed the warrant so I think that there have been some other ways that you've been acquiring income that we're not going to talk about today but that are completely and totally unacceptable, okay?" (Doc. 14 at 17.) In this context, it is reasonable to conclude that the cellphone search only confirmed what the Government knew before the detention hearing, i.e., the information is not new.

does not limit the subject matter of a reopened hearing to that new information. Thus, the Government will be free to argue that Defendant's alleged drug sales are a factor that favors detention.

Defendant's remaining arguments are not persuasive. As to the social media posts, he concedes the Government has "strong" evidence that the social media account is his. However, he says that because there is no evidence of who made the videos or when the videos were made, the videos do not show that he possessed a firearm after his release. This argument demands too much from the Government at this stage. Right now, the issue is whether the Government has identified new information that has a material bearing on whether Defendant should be released. The videos satisfy that standard: they depict firearms, they were posted after Defendant's release on what appears to be his social media account, and the Government has proffered that Defendant has a history of recording himself with firearms. (*See* Doc. 29 at 1.) It is reasonable to infer, for present purposes, that Defendant made the videos after his release. And there can be no dispute that that is material to whether he should remain released. Whether the new information ultimately warrants detention, however, is a separate issue. The Government must make *that* showing either by a preponderance of the evidence or by clear and convincing evidence. *See United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (per curiam) (citing *United States v. Motamedi*, 767 F.2d 1403, 1406–07 (9th Cir. 1985)). Defendant's argument is relevant to the second inquiry.

As to his housing, Defendant says that whether his grandmother perjured herself to secure his release is "moot" because Pretrial Services has since approved his request to live elsewhere. He also says that this information is not new because, at the detention hearing, the Government identified a conflict between his grandmother's and mother's statements about his housing status. As to Defendant's first point, the Court has already explained that misrepresentations about his prior housing status give rise to concerns about his current housing status. That issue is not moot. As to the second point, at the time of the detention hearing, the Government did not know Defendant's housing status. Now it does. The

information is new.

**IT IS ORDERED** that the motion to reopen the detention hearing (Doc. 29) is **granted**. A detention hearing is **set** for **August 30, 2023**, at **1:30 p.m.** in Courtroom 5E before the undersigned judge. Defendant must be present for the hearing. Pretrial Services is directed to prepare a release status report in advance of the hearing. The report must include a general update about Defendant's performance under supervision as well as a chronology of his housing situation, including steps taken to verify he is living at the location authorized by Pretrial Services.

Dated this 23rd day of August, 2023.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge